IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYNCHROME TECHNOLOGY INC., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> PIONEER ELECTRONICS (USA) INC., § <br> PIONEER NORTH AMERICA, INC., § <br> ASUS COMPUTER INTERNATIONAL, § <br> TEAC AMERICA, INC., IMATION § <br> CORP., MEMOREX PRODUCTS, INC., § <br> TDK ELECTRONICS, MITSUMI § <br> ELECTRONICS CORP. and PLEXTOR § <br> LLC, § <br> § <br> Defendants. § | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Synchrome Technology Inc. ("Synchrome") brings this action against defendants Pioneer Electronics (USA) Inc., Pioneer North America, Inc., Asus Computer International, TEAC America, Inc., Imation Corp., Memorex Products, Inc., TDK Electronics, Mitsumi Electronics Corp., and Plextor LLC (the defendants sometimes collectively are referred to herein as "Defendants"), alleging as follows:

### NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### THE PARTIES

2. Plaintiff Synchrome is a Nevada corporation with its principal place of business at 5348 Vegas Drive, No. 567, Las Vegas, Nevada 89108. Synchrome is the assignee of, owns all right title and interest in, and has standing to sue for infringement of United States Patent

Nos. 5,802,398, entitled "Method And Apparatus For Allowing Communication Between a Host Computer And At Least Two Storage Devices Over A Single Interface" issued September 1, 1998 (the "'398 patent") (A true and exact copy of this patent is attached as Exhibit A hereto) and 6,304,925 entitled "Method And Apparatus For Allowing Communication Between a Host Computer And At Least Two Storage Devices Over A Single Interface" issued October 16, 2001 (the "'925 patent") (A true and exact copy of this patent is attached as Exhibit B hereto). The '398 and '925 patents are referred to collectively herein where appropriate as the "Synchrome Patents."

3. Defendant Pioneer Electronics (USA) Inc. ("Pioneer") is a Delaware corporation with its principal place of business at 1925 East Dominguez Street, Long Beach, CA 90810. Upon information and belief, Pioneer transacts business and has sold to customers in this judicial district and throughout the State of Delaware products that infringe claims of the '398 and '925 patents. Pioneer's agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

4. Defendant Pioneer North America, Inc. ("Pioneer North America") is a Delaware corporation with its principal place of business at 2265 E. 220th Street, Long Beach, CA 90810. Upon information and belief, Pioneer North America transacts business and has sold to customers in this judicial district and throughout the State of Delaware products that infringe claims of the '398 and '925 patents. Pioneer North America's agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

5. Defendant Asus Computer International ("Asus") is a California corporation with its principal place of business at 800 Corporate Way, Fremont, CA 94538. Upon information

and belief, Asus transacts business and has sold to customers in this judicial district and throughout the State of Delaware products that infringe claims of the '398 and '925 patents. Asus's agent for service of process is Godwin Yan, 600 Hansen Way, Palo Alto, CA 94304.

6.     Defendant TEAC America, Inc. ("TEAC America") is a California corporation with its principal place of business at 7733 Telegraph Road, Montebello, CA 90640. Upon information and belief, TEAC America transacts business and has sold to customers in this judicial district and throughout the State of Delaware products that infringe claims of the '398 and '925 patents. TEAC America's agent for service of process is CSC – Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Ste. 100, Sacramento, CA 95833.

7.     Defendant Imation Corp. ("Imation") is a Delaware corporation with its principal place of business at 1 Imation Place, Oakdale, MN 55128. Upon information and belief, Imation transacts business and has sold to customers in this judicial district and throughout the State of Delaware products that infringe claims of the '398 and '925 patents. Imation may be served with process by serving its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

8.     Defendant Memorex Products, Inc. ("Memorex") is a California corporation with its principal place of business at 1 Imation Place, Oakdale, MN 55128. Upon information and belief, Memorex transacts business and has sold to customers in this judicial district and throughout the State of Delaware products that infringe claims of the '398 and '925 patents. Memorex may be served with process by serving its registered agent, CSC – Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833.

9.     Defendant TDK Electronics Corporation ("TDK") is a New York corporation with its principal place of business at 901 Franklin Avenue, Garden City, NY 11530. Upon

information and belief, TDK transacts business and has sold to customers in this judicial district and throughout the State of Delaware products that infringe claims of the '398 and '925 patents. TDK may be served with process by serving its registered agent United States Corporation Company, 80 State Street, Albany, NY 12207.

10. Defendant Mitsumi Electronics Corp. ("Mitsumi") is a New York corporation with its principal place of business at 40000 Grand River Avenue, Suite 200, Novi, MI 48375. Upon information and belief, Mitsumi transacts business and has sold to customers in this judicial district and throughout the State of Delaware products that infringe claims of the '398 and '925 patents. Mitsumi accepts service of process in care of Ohashi & Horn LLP, 1140 Avenue of the Americas, Ste. 2001, New York, NY 10036.

11. Defendant Plextor LLC ("Plextor") is a California corporation with its principal place of business at 48383 Fremont Boulevard, Fremont CA 94538. Upon information and belief, Plextor transacts business and has sold to customers in this judicial district and throughout the State of Delaware products that infringe claims of the '398 and '925 patents.

## JURISDICTION AND VENUE

12. This Court has exclusive jurisdiction over the subject matter of the Complaint under the laws of the United States concerning actions related to patents under 28 U.S.C. §§ 1331 and 1338(a).

13. This Court has personal jurisdiction over the Defendants by virtue of their acts of infringement in this judicial district as described herein. Additionally, defendants Pioneer, Pioneer North America, and Imation are incorporated in the State of Delaware.

14. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

## DEFENDANTS' ACTS OF PATENT INFRINGEMENT

15. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 14.

16. Upon information and belief, Pioneer has infringed the '398 and '925 patents by making, offering for sale, importing, selling and/or using computer products incorporating methods and structures protected by one or more claims of the '398 and '925 patents, including by way of example but not limitation, optical disk drives intended for inclusion in a computing system, such as the Pioneer optical writer disk drive, model number DVR 109, which physically has or performs all of the basic elements contained in patent claims of Synchrome and which further infringes under the doctrine of equivalents. Pioneer has also infringed the '398 and '925 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others.

17. Upon information and belief, Pioneer's infringement, contributory infringement and inducement to infringe have been willful and deliberate, and have irreparably injured and will continue to irreparably injure Synchrome unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the '398 and '925 patents.

18. Upon information and belief, Pioneer North America has infringed the '398 and '925 patents by making, offering for sale, importing, selling and/or using computer products incorporating methods and structures protected by one or more claims of the '398 and '925 patents, including by way of example but not limitation, optical disk drives intended for inclusion in a computing system, such as the Pioneer optical writer disk drive, model number

DVR 109, which physically has or performs all of the basic elements contained in patent claims of Synchrome and which further infringes under the doctrine of equivalents. Pioneer North America has also infringed the '398 and '925 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others.

19. Upon information and belief, Pioneer North America's infringement, contributory infringement and inducement to infringe have been willful and deliberate, and have irreparably injured and will continue to irreparably injure Synchrome unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the '398 and '925 patents.

20. Upon information and belief, Asus has infringed the '398 and '925 patents by making, offering for sale, importing, selling and/or using computer products incorporating methods and structures protected by one or more claims of the '398 and '925 patents, including by way of example but not limitation, optical drives intended for inclusion in a computing system, such as the Asus optical writer disk drive, model number DRW-1608P, which physically has or performs all of the basic elements contained in patent claims of Synchrome and which further infringes under the doctrine of equivalents. Asus has also infringed the '398 and '925 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others.

21. Upon information and belief, Asus' infringement, contributory infringement and inducement to infringe have been willful and deliberate, and have injured and will continue to injure Synchrome unless and until the Court enters an injunction prohibiting further infringement

and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the '398 and '925 patents.

22. Upon information and belief, TEAC America has infringed the '398 and '925 patents by making, offering for sale, importing, selling and/or using computer products incorporating methods and structures protected by one or more claims of the '398 and '925 patents, including by way of example but not limitation, optical drives intended for inclusion in a computing system, such as the TEAC optical writer disk drive, model number DVW522GM, which physically has or performs all of the basic elements contained in patent claims of Synchrome and which further infringes under the doctrine of equivalents. TEAC America has also infringed the '398 and '925 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others.

23. Upon information and belief, TEAC America's infringement, contributory infringement and inducement to infringe have been willful and deliberate, and have injured and will continue to injure Synchrome unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the '398 and '925 patents.

24. Upon information and belief, Imation has infringed the '398 and '925 patents by making, offering for sale, importing, selling and/or using computer products incorporating methods and structures protected by one or more claims of the '398 and '925 patents, including by way of example but not limitation, optical drives intended for inclusion in a computing system, such as the Memorex optical writer disk drive, model number DVD Double-Layer Recorder 16 x 16 Dual Format Internal, part number 32023292, which physically has or performs all of the basic elements contained in patent claims of Synchrome and which further

infringes under the doctrine of equivalents. Imation has also infringed the '398 and '925 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others.

25. Upon information and belief, Imation's infringement, contributory infringement and inducement to infringe have been willful and deliberate, and have injured and will continue to injure Synchrome unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the '398 and '925 patents.

26. Upon information and belief, Memorex has infringed the '398 and '925 patents by making, offering for sale, importing, selling and/or using computer products incorporating methods and structures protected by one or more claims of the '398 and '925 patents, including by way of example but not limitation, optical drives intended for inclusion in a computing system, such as the Memorex optical writer disk drive, model number DVD Double-Layer Recorder 16 x 16 Dual Format Internal, part number 32023292, which physically has or performs all of the basic elements contained in patent claims of Synchrome and which further infringes under the doctrine of equivalents. Memorex has also infringed the '398 and '925 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others.

27. Upon information and belief, Memorex's infringement, contributory infringement and inducement to infringe have been willful and deliberate, and have injured and will continue to injure Synchrome unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the '398 and '925 patents.

28. Upon information and belief, TDK has infringed the '398 and '925 patents by making, offering for sale, importing, selling and/or using computer products incorporating methods and structures protected by one or more claims of the '398 and '925 patents, including by way of example but not limitation, optical drives intended for inclusion in a computing system, such as the TDK optical writer disk drive, model number TDK Indi DVD 840G, which physically has or performs all of the basic elements contained in patent claims of Synchrome and which further infringes under the doctrine of equivalents. TDK has also infringed the '398 and '925 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others.

29. Upon information and belief, TDK's infringement, contributory infringement and inducement to infringe have been willful and deliberate, and have injured and will continue to injure Synchrome unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the '398 and '925 patents.

30. Upon information and belief, Mitsumi has infringed the '398 and '925 patents by making, offering for sale, importing, selling and/or using computer products incorporating methods and structures protected by one or more claims of the '398 and '925 patents, including by way of example but not limitation, optical drives intended for inclusion in a computing system, such as the Mitsumi optical writer disk drive, model number DW-7872TE, which physically has or performs all of the basic elements contained in patent claims of Synchrome and which further infringes under the doctrine of equivalents. Mitsumi has also infringed the '398 and '925 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others.

31. Upon information and belief, Mitsumi's infringement, contributory infringement and inducement to infringe have been willful and deliberate, and have injured and will continue to injure Synchrome unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the '398 and '925 patents.

32. Upon information and belief, Plextor has infringed the '398 and '925 patents by making, offering for sale, importing, selling and/or using computer products incorporating methods and structures protected by one or more claims of the '398 and '925 patents, including by way of example but not limitation, optical drives intended for inclusion in a computing system, such as the Plextor optical writer disk drive, model number PX-716A, which physically has or performs all of the basic elements contained in patent claims of Synchrome and which further infringes under the doctrine of equivalents. Plextor has also infringed the '398 and '925 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others.

33. Upon information and belief, Plextor's infringement, contributory infringement and inducement to infringe have been willful and deliberate, and have injured and will continue to injure Synchrome unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the '398 and '925 patents.

## PRAYER FOR RELIEF

WHEREFORE, Synchrome respectfully requests that the Court enter judgment in its favor, and against Defendants, and that the Court specifically grant the following relief:

A. an adjudication that Defendants have infringed, induced, and/or contributed to the infringement of one or more claims of the Synchrome Patents;

B. the entry of a permanent injunction, enjoining further infringement, inducement and contributory infringement of each of the Synchrome Patents by Defendants and their officers, agents, servants, employees, attorneys and all persons in active concert or participation with them;

C. an award of actual damages adequate to compensate Synchrome for the infringement of the Synchrome Patents that has occurred, in an amount not less than a reasonable royalty;

D. an award of treble damages, as permitted under 35 U.S.C. § 284, by reason of Defendants' deliberate and willful infringement of the Synchrome Patents;

E. an award of prejudgment and postjudgment interest on the damages caused by Defendants' infringement of the Synchrome Patents;

F. an award of costs and expenses as provided under 35 U.S.C. § 284;

G. a declaration that this is an exceptional case pursuant to 35 U.S.C. § 285, and an award of Synchrome's reasonable attorneys' fees; and

H. such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Synchrome respectfully requests a trial by jury on all issues so triable.

ASHBY & GEDDES

*[signature]*

Steven J. Balick (I.D. #2114)
Tiffany Geyer Lydon (I.D. #3950)
Caroline Hong (I.D. #5189)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
chong@ashby-geddes.com

*Attorneys For Plaintiff*
*Synchrome Technology Inc.*

*Of Counsel:*

Scott W. Doyle
William Z. Nakhleh
R. Whitney Winston
Tremayne Norris
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave. NW
Washington, DC  20036
(202) 429-3000
sdoyle@steptoe.com
wnakhleh@steptoe.com
wwinston@steptoe.com
tnorris@steptoe.com

Dated:  June 15, 2009